**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebone Leroy East, | No. CV-19-02207-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Symphonic Distribution Incorporated, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Ebone Leroy East's Amended Complaint (Doc. 8, Compl.), which he filed pursuant to the Court's order dismissing with leave to refile his first Complaint (Doc. 7). The Court instructed Plaintiff that any Amended Complaint must state a claim over which the Court has jurisdiction, but Plaintiff's new Complaint fails to satisfy that requirement. Therefore, the Court will dismiss Plaintiff's Amended Complaint with leave to file a Second Amended Complaint by May 16, 2019, should he elect to do so.

Plaintiff asserts both negligent and fraudulent misrepresentation against Defendants Symphonic Distribution and Ballast Point Ventures. (Compl. at 3.) Plaintiff's misrepresentation claims are largely unchanged from his original Complaint. Plaintiff alleges that he entered into a contract with Defendants in 2016, under which Defendants were to act as Plaintiff's music label and distributor. (Compl. at 4.) Plaintiff further alleges that under the contract, he was to receive 80 percent of all proceeds from his music sales, and "keep 100% of his Copyright." (Compl. at 4.) Plaintiff now alleges that Defendants

"suspended [his] account for . . . asking about the monies [] owed by Defendants." (Am. Compl. at 3.) Defendants paid Plaintiff $29.81 on April 2, 2019, which Plaintiff believes is "payable from [80 percent] of [his] total [m]usic [sales]," but falls far short of the amount he is owed under the agreement that parties allegedly reached. (Am. Compl. at 3.)

Plaintiff's misrepresentation claims suffer from the same flaws as those in his original Complaint. Under Arizona law, fraudulent misrepresentation requires a showing of "a false material representation made with the speaker's knowledge of its falsity or ignorance of its truth and with the intent that it be acted upon by the listener; the listener's ignorance of its falsity, reliance on its truth, and the right to rely on its truth; and consequent and proximate injury." *Dillon v. Zeneca Corp.*, 42 P.3d 598, 603 (Ariz. Ct. App. 2002) (citing *Davis v. First Nat'l Bank of Arizona*, 605 P.2d 37 (Ariz. Ct. App. 1979)). Negligent misrepresentation, as recognized by Arizona law, arises when a party fails to exercise reasonable care and, "in the course of . . . [a] transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions," and the recipient justifiably relies on the information to its detriment. *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (quoting Restatement (second) of Torts § 552(1), cmt. b (1977)).

Plaintiff again fails to state a claim for negligent misrepresentation because a misrepresentation must be an "assertion that is not in accord with the facts as they exist at the time the assertion is made." *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, 813 F.3d 1155, 1164 (9th Cir. 2015). "Such facts include past events as well as present circumstances but do not include future events. An assertion limited to future events . . . may be a basis of liability for breach of contract, but not of relief for misrepresentation." *Id.* Here, Plaintiff's claim hinges on an alleged assertion based solely on future events—the future sale of Plaintiff's music and how much money he would make from those sales. Any assertion that Defendants made about how much money Plaintiff should expect to make was an assertion about future events. Thus, liability for negligent misrepresentation cannot lie.

As for fraudulent misrepresentation, Plaintiff alleges that Defendants made a representation that "when made, was known to be false and reckless." On its face, such a representation may appear to qualify as promissory fraud, which requires the making of a promise with no intent to perform—in other words, that the promisor knew he was lying when he entered into an agreement with the promisee. *See Trollope v. Koerner*, 470 P.2d 91, 100 (Ariz. 1970). But it is unclear what representation Plaintiff refers to in his Amended Complaint. Plaintiff alleges that Defendants made a deposit of $29.81 in his account, and that "this representation by the Defendants is false." (Am. Compl. at 3.) It is not clear how the payment of money could be construed as a false representation. It is even less clear how it could be construed as the making of a promise with no intent to perform. Perhaps the fraud that Plaintiff alludes to is the original agreement that Plaintiff would retain 80 percent of his total music sales, but this is not clear from the face of Plaintiff's Amended Complaint.

Plaintiff also adds a claim for copyright infringement to his Amended Complaint. (Am. Compl. at 3.) While Plaintiff is correct that such a claim would require him to prove "(1) ownership of a valid copyright . . . [and] (2) the actionable copying by the defendants of constituent elements of the work that are original," Plaintiff fails to establish that he owns a valid copyright. (Am. Compl. at 3.) Plaintiff attaches an application and proof of payment for a copyright, which he mailed on April 13, 2019, but does not indicate that his copyright has been granted. Further, Plaintiff's copyright infringement claim alleges that "Defendants illegally copyrighted" his work "[o]n or about February 8th, 2017," over two years before he filed his copyright application. (Am. Compl. at 3.)

For the reasons stated above, Plaintiff's Amended Complaint fails to state a claim for fraudulent misrepresentation, negligent misrepresentation or copyright infringement. If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Here, the Court will give Plaintiff another opportunity to amend his Complaint, but any Second Amended Complaint must comply with the Federal Rules of Civil Procedure, the Local Rules, and the provisions of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (Doc. 8) is dismissed with permission to file a Second Amended Complaint by May 16, 2019, that complies with the provisions of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint by May 16, 2019, the Clerk shall dismiss this action without further Order of this Court.

Dated this 26th day of April, 2019.

Honorable John J. Tuchi
United States District Judge